United States Court of Appeals
Fifth Circuit

**F I L E D**

June 19, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-30201
Conference Calendar

_____

RONALD E. COLEMAN,

Plaintiff-Appellant,

versus

DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS; RICHARD L. STALDER;
KATHLEEN BLANCO, Governor; BARRY METHANY, Probation and Parole;
PRISON TRANSPORTATION SYSTEM (PTS); DIANE SIMON, Probation and
Parole,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:05-CV-1111
--------------------

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ronald E. Coleman, Louisiana prisoner # 119449, appeals
the district court's dismissal as frivolous of his 42 U.S.C.
§ 1983 complaint, in which he challenged the revocation of his
parole on due process grounds and sought release from confinement
and monetary damages.  We review a dismissal as frivolous
pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) for an abuse of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discretion.  See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

For the first time on appeal, Coleman challenges the calculation of his sentence and argues that it violates the Ex Post Facto Clause.  He also raises for the first time on appeal a challenge to the conditions of confinement at the East Feliciana Jail.  "It is a bedrock principle of appellate review that claims raised for the first time on appeal will not be considered." Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Centers, Inc., 200 F.3d 307, 316-17 (5th Cir. 2000).  Thus, we decline to address Coleman's arguments raised for the first time on appeal.

Coleman does not challenge the district court's determination that his claims challenging his confinement and seeking release must be raised in a habeas corpus proceeding.  He also does not challenge the district court's dismissal of his claims for damages as barred by Heck v. Humphrey, 512 U.S. 477 (1994).  Coleman has abandoned these issues for purposes of appeal.  See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Coleman argues that he was deprived of 30 days good-time credit without due process after being convicted of a disciplinary infraction.  An action to recover good-time credits must be brought in a habeas corpus proceeding.  See Preiser v. Rodriquez, 411 U.S. 475, 487-88 (1973); Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998)(en banc).  If a prisoner is

challenging the validity of the procedures used in a prison disciplinary proceeding to deprive him of good-time credits and a favorable judgment would imply the invalidity of the conviction or the duration of confinement, his claims for damages and declaratory relief are not cognizable in a § 1983 action until the relevant conviction has been reversed. See Edwards v. Balisok, 520 U.S. 641, 648 (1997); Clarke, 154 F.3d at 189.

Coleman's appeal is without arguable merit and is therefore frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). His appeal is dismissed as frivolous. See 5TH CIR. R. 42.2. The district court's dismissal of Coleman's complaint and this court's dismissal of his appeal each count as a strike against Coleman for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Coleman is cautioned that if he accumulates three strikes pursuant to § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.